**Sammy C. LAINE, Plaintiff,**

**v.**

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–1145–T.**

United States District Court, D. Kansas.

Feb. 12, 1985.

Jo Lynne Justus, Hays Legal Services, Hays, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## OPINION AND ORDER

THEIS, District Judge.

On June 26, 1984, this Court granted plaintiff's motion to remand the case to Margaret M. Heckler, Secretary of Health and Human Services ("the Secretary"), for review. Sammy C. Laine now moves for an award of costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The Secretary contends that the EAJA does not apply to proceedings under the Social Security Act. The Tenth Circuit has not addressed the issue. In *Cole v. Heckler*, No. 82–2349 (D.Kan., *unpublished*, January 4, 1985), Judge Earl O'Connor applied the EAJA to a Social Security case. This Court will delineate the parameters of the EAJA as employed in Social Security cases.

■ Under federal law, attorneys' fees may be awarded against the United States only if a statute specifically provides for such an award. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The EAJA is an exception to the American rule that litigants pay their own attorneys' fees. *Cornella v. Schweiker*, 728 F.2d 978, 981 (8th Cir.1984). The EAJA is designed to "diminish the deterrent effect of seeking review or defending against governmental action." 5 U.S.C. § 504 note (1984). The EAJA, 28 U.S.C. § 2412(d)(1)(A), provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

■ Title 42 U.S.C. § 406 of the Social Security Act does not bar the application of the EAJA to Social Security cases, since § 406 is a fee limiting statute rather than a fee allocation statute. Section 406 is not inconsistent with the EAJA because it does not permit an award of attorneys' fees against the United States, rather it "limits the amount which an attorney can take as a fee to 25% of the total amount of past-due benefits awarded his client." *Wolverton v. Schweiker*, 533 F.Supp. 420, 422–23 (D.Idaho 1982). *See also Gross v. Schweiker*, 563 F.Supp. 260 (N.D.Ind.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y. 1982). The Court finds that the EAJA is applicable to judicial review actions brought under the Social Security Act. Nothing in the EAJA excludes its application to social security cases, and the legislative history makes explicit Congress' intent that, while the EAJA does not apply to administrative proceedings under the Social Security Act, it does cover civil actions to review social security decisions of the Agency. H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4991. The exclusion of applications for attorneys' fees in social security administrative proceedings apparently was intended to reduce the financial strain on the agency from the EAJA. *Id.* at 22. *See also Berman v. Schweiker*, 713 F.2d 1290, 1296 (7th Cir. 1983).

■ Under the EAJA a prevailing party may obtain attorneys' fees only when the position of the United States was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA is silent as to the meaning of "substantially justified," the legislative history provides guidance: "The test of whether or not a Government action is substantially justified

is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis in law and fact, no award will be made." S.Rep. No. 96–253, 96th Cong., 1st Sess. 6 (1979). Thus, the United States bears the burden of establishing the substantial justification of its position. A number of factors affect the determination of whether the government's actions were substantially justified. Although the fact that the government lost the case does not raise a presumption that its position was not substantially justified, H.R.Rep., *supra*, at 11, when the government forces a party into "lengthy administrative proceedings before final vindication of his or her rights ... the government should have to make a strong showing ... that its action was reasonable." *Id.* at 18.

 On the merits in the instant action, since Laine was a prevailing party under the Act, the Secretary bears the burden to show that its position was substantially justified. The Secretary contends that although this Court remanded the case for consideration of new evidence, the evidence was not available to the administrative law judge ("ALJ") and the ALJ had no duty to develop the record. On April 20, 1982, Laine requested a hearing before the ALJ, but waived the right to appear and proceeded unrepresented by counsel. Laine had recently been released from a voluntary conservatorship, which began November 9, 1981, and ended on February 11, 1982. In addition, Laine was completely illiterate. Numerous cases have held that the ALJ "must fully and fairly develop the facts." *Ford v. Secretary of Health and Human Services*, 659 F.2d 66, 69 (5th Cir.1981). In *Echevarria v. Secretary of Health and Human Services*, 685 F.2d 751, 755 (2d Cir.1982), the court held that in a social security benefits proceeding, an administrative law judge, unlike a judge in a trial, must himself affirmatively develop the record. In the present case, no effort was made by the defendant on the administrative level or during this suit to develop evidence of a mental disability when it not only was an issue, but obviously impaired Laine's ability to represent himself. Laine initially applied for benefits through a conservator. Tr. 18–21. He could neither read nor write. Tr. 6. The Social Security reviewer even noted that Laine had difficulty in comprehending the proceedings. Tr. 69. Furthermore, while the case was pending, the Secretary was informed of additional evidence showing retardation. Despite this, the Secretary continued to oppose remand, perhaps on the theory that Laine had only recently become mentally retarded. This argument and the entire course of the Secretary's actions are not reasonable. Therefore, the Court finds that the Secretary's position was not substantially justified and attorneys' fees should be awarded under the EAJA. The Court notes, however, that Laine's counsel has requested fees for activities pursued during the administrative process. As stated above, only activities for the civil action to review the administrative decision are compensable.

IT IS THEREFORE ORDERED that Laine's motion for attorneys' fees is hereby granted and Laine is ordered to submit to the Court within twenty (20) days from the date of this Order a revised estimate of compensable time.