Bobby J. HAWKINS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services of the
United States, Defendant.

No. 83–1845.

United States District Court,
D. Kansas.

May 14, 1985.

**1202**

David Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM OPINION AND ORDER

PATRICK F. KELLY, District Judge.

Plaintiff has filed an application for attorney fees pursuant to 28 U.S.C. § 2412 *et seq.*, commonly known as the Equal Access to Justice Act (EAJA). The procedural status of this case is best summarized in this Court's Memorandum and Order of January 22, 1985 granting summary judgment to Plaintiff:

> This is an action under 42 U.S.C. § 405(g) for judicial review of the decision of the Secretary of Health and Human Services terminating Plaintiff's entitlement to disability benefits under the Social Security Act. This matter originally came before this Court on Plaintiff's motion for summary judgment and alternative motion for remand, and the Secretary's motion to affirm the Secretary's decision. In a ruling filed September 24, 1984 this Court denied both motions for summary judgment and remanded the case to the Secretary with instructions to effectuate reconsideration by the Administrative Law Judge (ALJ). The Appeals Council submitted a Clarifying Order of Appeals Council dated October 19, 1984 in which it again reaffirmed the termination of Plaintiff's period of disability but failed to obtain reconsideration by the ALJ. 600 F.Supp. 832.

■ The authorities are in accord that EAJA applies to Social Security cases. This district has recently found that the EAJA does apply to Social Security cases. See, for example: *Laine v. Heckler*, 602 F.Supp. 333 (D.Kan.1985); *Guthrie v.*

*Schweiker*, 718 F.2d 104 (4th Cir.1983); *Watkins v. Harris*, 566 F.Supp. 493 (E.D. Pa.1983); *Jones v. Schweiker*, 565 F.Supp. 52 (W.D.Mich.1983); *Hornal v. Schweiker*, 551 F.Supp. 612 (M.D.Tenn.1982); *McDonald v. Schweiker*, 551 F.Supp. 327 (N.D.Ind.1982); *Moholland v. Schweiker*, 546 F.Supp. 383 (D.N.H.1982); *Shumate v. Harris*, 544 F.Supp. 779 (W.D.N.C.1982); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982); *Wolverton v. Schweiker*, 533 F.Supp. 420 (D.Id.1982); *Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982); *Berman v. Schweiker*, 713 F.2d 1290, 1295 (7th Cir.1983); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 30 (2d Cir.1983); and *Ceglia v. Schweiker*, 566 F.Supp. 118, 123 (E.D.N.Y.1983).

The authors of 6 R.I.A. *Social Security Coordinator*, at § 51,285, further explain:

> EAJA applications for attorney fees in social security cases before courts have been consistently opposed by the SSA on the ground that the Social Security Act provides the sole means by which a court may award attorneys' fees. Just as consistently, courts addressing the issue have rejected the SSA's position. The SSA bases its contention upon the EAJA language authorizing fees 'except as otherwise specifically provided by statute.'

> Courts analyzing the statutory provisions, however, have noted that the SSA's authority to award fees in social security cases is an exercise in limiting the amount of fee that an attorney may charge a claimant and is not an authorization to award fees *against the government.* Thus, the statutory language, limiting the applicability of fee shifting under the EAJA to cases not already provided by statute, is not applicable, and the jurisdiction conferred upon courts by the Act applies to social security cases.

■ The EAJA provides for an award of fees to the prevailing party unless the government can prove that its action was "substantially justified." The burden of proof is on the government to establish that its action was substantially justified.

United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th Cir.1984), and Dougherty v. Lehman, 711 F.2d 555 (3rd Cir.1983).

The term "substantially justified" has been defined in this circuit in United States v. 2,116 Boxes of Boned Beef, supra at pages 1486–1487:

> The law is clear that the test of substantial justification is essentially one of reasonableness in both law and fact. (citations omitted)

> \*    \*    \*    \*    \*    \*

> The government must therefore show that there is a reasonable basis in truth for the facts alleged in the pleadings; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced.

See also Laine v. Heckler, supra, where this district applied this standard in awarding attorney fees in a Social Security disability case.

Courts reviewing EAJA petitions for attorney fees have based their determinations of "substantial justification" on the factors and reasoning found in the opinions of the deciding courts as well as examinations of the relevant documents filed by the parties. See: Spencer v. NLRB, 548 F.Supp. 256, 262 (D.D.C.1982); Moholland v. Schweiker, 546 F.Supp. 383, 386 (D.N.H. 1982); Nunes-Correia v. Haig, 543 F.Supp. 812, 818–819 (D.D.C.1982); Wolverton v. Schweiker, supra; Photo Data, Inc. v. Sawyer, 533 F.Supp. 348, 352 (D.D.C.1982); and Dougherty, supra.

In Hornal v. Schweiker, 551 F.Supp. 612 (M.D.Tenn.1982) the court awarded attorney fees under the EAJA to the plaintiff, finding that the defendant had relied upon a physician's examination that was incomplete as a basis for its denial of benefits and stated:

> Given the previous findings by this Court and applying the standards set forth in the EAJA, the Court holds that the government has failed to carry its bur-

den of showing substantial justification for its position.

In Ceglia v. Schweiker, 566 F.Supp. 118 (E.D.N.Y.1983), the plaintiff had provided considerable evidence proving her total disability. Notwithstanding, the government denied her benefits relying upon a consultative report of a physician who did not examine the plaintiff but reviewed the medical evidence of record. The Court stated:

> The law is clear that the opinion of a physician who has never treated or examined the claimant is entitled to little weight, and generally cannot serve as substantial evidence supporting a finding of nondisability when the record contains detailed contradictory opinions by physicians who have examined or treated the claimant. See, e.g., Allen v. Weinberger, 552 F.2d 781 (7th Cir.1977); Landess v. Weinberger, 490 F.2d 1187 (8th Cir.1974); Browne v. Richardson, 468 F.2d 1003 (1st Cir.1972); Gudlis v. Califano, 452 F.Supp. 401 (N.D.Ill.1978). In the light of this clear precedent, the decision of the Secretary, resting as it did solely on the contradictory opinion of a non-examining physician, was patently unsupported by substantial evidence. This obvious defect in the Secretary's determination rendered the position of the United States in this litigation unreasonable, and hence not substantially justified.

In the present case, the Appeals Council refused to grant Plaintiff's request for review of the ALJ's decision. This Court ruled in its Memorandum and Order of September 24, 1984 that the Appeals Council's refusal to review in the face of the substantial new evidence presented to it was error. At that time this Court had no doubt that Plaintiff was disabled and that there was no substantial evidence to the contrary. However, this Court out of deference to the agency wanted to give the Secretary the opportunity to make a proper determination of its own rather than simply reverse the agency's ruling at that time. In the Memorandum and Order of January 22, 1985, this Court stated:

It was hoped that with the instructions contained in the remand of this case that the Secretary would reconsider this case in the proper and legal perspective. Instead, the Secretary has turned a deaf ear to a case of obvious disability. This attitude is shocking enough. But the Secretary has shown this Court no more respect nor concern for following the law than it has shown Plaintiff. This Court ordered the Secretary to include reconsideration by the ALJ as part of its proceedings pursuant to the remand of this case. The Secretary instead defied this order by conducting the reconsideration only through the Appeals Council. This defiance of the Court's order did not enter into the deliberations of the merits of this case, but this Court can not refrain from observing that such defiance indicates an arrogant administrative attitude that is either bent upon denying benefits no matter how meritorious the claim or a callousness and indifference that amounts to the same thing.

The Secretary's position lacks substantial justification first in her opposition in this court to Plaintiff's just claim after having knowledge of the new evidence that was presented to the Appeals Council and second in disobeying this court's order to refer the case to the ALJ for a new hearing. The Secretary's actions in this case are if anything more contemptuous than her actions in *Ornelas v. Heckler*, Unpublished Case No. 81–K–2049 (D.Colo.1984) where that court stated at 1–2:

> If this were anything other than an agency of the United States government, I would have every one of those people [the Appeals Council] in here for contempt of court. I think their conduct is unconscionable and it's despicable. This case is one of the most outrageous examples of the abuse of governmental authority that I have encountered, not only since I have been on the bench but in 25 years in the law. It is an outrage. There is no evidence, there is no authority for what they have done.
> The evidence shows neurological damage, mental retardation, pain, motor in-

stability, [and] vocational incapacity. Two of their own hearing officers have come to the same conclusion and yet they base their decision out of thin air. The appeals council has no right in the face of the record that was made to make any finding on credibility, to make any finding of vocational capacity. It is dishonest, cynical and mendacious.

In *Ornelas*, the Appeals Council had reversed the ALJ's findings of disability, which the Appeals Council has the regulatory authority to do. In the present case, the Appeals Council disobeyed this court's direct order to obtain a new hearing of this case by the ALJ.

This Court has observed the same persistence in disregarding the law in this district as was noted by the court in *Ornelas*. This Court has been inundated with Social Security appeals most of which require either reversal or remand with appropriate instructions to follow the law.

This Court is not unmindful of the Tenth Circuit's ruling in *United States v. 2,116 Boxes of Boned Beef*, supra, in which this Court's ruling denying EAJA fees was upheld. However, as the court stated in *Ornelas*, at page 2:

> The government cannot limit its position during the course of litigation to statements made by the United States attorney in the courtroom. Certainly the EAJA contemplates that agency activities in response to in court motions and orders reflect upon the position of the government. All actions taken by the secretary following my remand of March 23, 1982 were subject to the supervisory authority of this court and constitute the government's position during litigation.

Thus the Appeals Council's disregard of this Court's order is the government's position, and I find that that position was not substantially justified.

█ The government's position on the merits lacked substantial justification as well. This finding does not run afoul of the ruling in *United States v. 2,116 Boxes of Boned Beef*, supra, for, as stated in *Blanchette v. Heckler*, 586 F.Supp. 903 (D.Colo.1984):

In this circuit, the test of 'substantial justification is essentially one of reasonableness in both law and fact.' *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1486 (10th Cir.1984). The position of the government under § 2412(d) refers to 'the arguments relied on by the government in litigation' as opposed to the actions or behavior which precipitated the litigation. 726 F.2d at 1487. This makes 'no functional difference' however, since in most cases the government's litigation position will be that its 'underlying action was legally justifiable.' 726 F.2d at 1487.

The government's position in this case was to oppose Plaintiff's complaint and to oppose Plaintiff's motion for appropriate relief after the agency had long since received and had knowledge of evidence that established Plaintiff's claim beyond any doubt.

■ Although Plaintiff's evidence at the time of the original hearing may have justified the Secretary's position when considered in isolation, the evidence presented to the Appeals Council established Plaintiff's disability beyond any reasonable doubt. By relying on the evidence as presented to the ALJ as a basis for the Secretary's ruling, and by arguing that the new evidence was not supported by clinical findings the Secretary was presenting spurious arguments. The new evidence was not only the result of clinical observations over a period of time, but it also put the prior evidence in a perspective which the Appeals Council and the Secretary in argument to this Court ignored. When all of the evidence is considered, there was no shred of evidence supporting the Secretary's position. This opinion should not be interpreted as authorizing EAJA fees whenever the Secretary's position is found to lack substantial evidence to support it. A reversal of the Secretary does not dictate a finding that the Secretary acted unreasonably. However, in this case, when all the evidence is considered as a whole, it can be said that the Secretary's position is even more patently unsupported by substantial evidence than it was in *Ceglia v. Schweik-*

*er,* supra. Certainly no reasonable person would have asserted the position the Secretary took in this case.

It was intolerable when the Appeals Council disobeyed this Court's order to remand the case to the ALJ for further consideration in light of the new evidence. The Secretary's unreasonableness here goes beyond that in *Laine v. Heckler,* supra, where the court noted that the Secretary opposed remand even after being informed of the new evidence. The present case is one, like *Laine v. Heckler,* in which the Secretary's denial of benefits is patently unsupported by substantial evidence. In addition, the Secretary has indulged in misbehavior, as this Court noted, which demonstrates a malevolence or a callousness that amounts to the same thing. The Secretary cannot indulge in such contemptuous behavior and still successfully claim her position was substantially justified. Thus, the Secretary's position was not substantially justified even if the court considers only the Secretary's behavior after litigation began. The Secretary's defiance of this Court's order is symptomatic of her attitude throughout the entire handling of this case. No clearer case for the Secretary's lack of substantial justification can be made than to show defiance of a federal court judge. This decision should not reflect adversely on the United States Attorney. This Court is aware that the U.S. Attorney is required to represent the Secretary in these matters. The U.S. Attorney's behavior, in contrast to the Secretary's, has been above reproach in this case. It would, however, behoove the Secretary to solicit the guidance of the U.S. Attorney about the advisability of opposing each appeal. It would also be appropriate for the U.S. Attorney to offer such advice whether or not it is solicited, for "[t]here comes a time when even a government attorney must say, 'No!' to a client." *Blanchette v. Heckler,* 586 F.Supp. at 906.

■ The U.S. Attorney argued in oral argument that EAJA is no longer in force because it expired by virtue of a sunset clause. It did not expire, however, before this action was filed. The act, therefore, does apply to this case.

**1206**

■ The fee provision of the EAJA provides that:

The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States, and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

This Court is persuaded by Judge Bazelon's ruling in *Action on Smoking and Health v. C.A.B.*, 724 F.2d 211 (D.C.Cir. 1984) that the contingency nature of this case, the delay in payment of fees, the successful result, and the quality of Plaintiff's representation are all factors that can be considered to justify awarding a fee in excess of $75.00 per hour. Plaintiff's attorney has undertaken representation of this indigent Plaintiff on a contingency basis. This case has been pending since September 15, 1983. Because of repeated extensions of time in which to plead granted to the Secretary and occasioned partly by the Secretary's inability to find the record, no answer was filed by the Secretary until April 9, 1984. Plaintiff's attorney obtained a successful result for Plaintiff. I find the quality of this representation to be diligent, innovative, and of exceptionally high quality.

Plaintiff's attorney has filed an Affidavit detailing hours spent in representing Plaintiff in federal court. The court finds this time spent to be reasonable. Though other attorneys may well have expended less time on a case such as this, the exhaustiveness with which Plaintiff's attorney briefed and argued this case was of great assistance to the Court. Quality legal work demands time, and it is a necessary concomitant to the high quality of Plaintiff's representation that this time was expended.

This Court, therefore, finds that the conditions for granting a fee in excess of $75.00 per hour have been met. Plaintiff's attorney is awarded fees at the hourly rate of $100.00 per hour in a total amount of $2,185.00. The Secretary is ordered to pay this amount to Plaintiff's attorney within sixty (60) days of the filing of this order.

■ Plaintiff's attorney has also filed a motion for approval of attorney fees pursuant to section 1631(d)(2) of the Social Security Act (42 U.S.C. 1383(d)(2). Such fees are withheld by the Secretary from the lump sum benefits that have been accruing which Plaintiff would have been receiving had Plaintiff's benefits not been terminated. This request for fees is reasonable, and Plaintiff's attorney is awarded these fees in the amount of $4,711.50, subject to the following provisions. The Secretary is ordered to forward such fees to Plaintiff's attorney within sixty (60) days of the filing of this order. Plaintiff's attorney is ordered to refund the amount of $1,575.00 to Plaintiff. This amount represents the amount of attorney fees awarded Plaintiff's attorney under EAJA, less those fees attributable to the preparation and argument of the application for fees under EAJA.