Ruby **TROYER**, Plaintiff,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant.

No. 83–1748–K.

United States District Court, D. Kansas.

July 30, 1985.

---

Jim L. Lawing, Wichita, Kan., for plaintiff.

Steve Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

On March 20, 1985, the Court entered certain findings, and as a consequence thereof ordered the Secretary to commence payment of benefits owing since April 1981.

Now the plaintiff seeks attorney fees pursuant to 28 U.S.C. § 2412(d). Essentially, she urges that since certain decisions of the Appeals Council were not substantially justified, her attorney fees necessarily incurred to correct the wrong are in order. For reasons stated below, the Court concurs.

In the interest of clarity, the Court's findings bear repeating here:

1. On September 23, 1981, the plaintiff applied for disability benefits under §§ 216(i) and 223 of the Social Security Act, alleging disability since April 1981.

2. As of the date the plaintiff's disability commenced, she suffered from arthritis, heart disease, hypertension, chronic migraine headaches, urinary bladder disorder, a hernia, and the residuals of polio.

3. After the plaintiff's application was turned down through administrative channels, she requested and received a hearing before an Administrative Law Judge on August 3, 1982; and on December 14, 1982, the Administrative Law Judge entered a decision rejecting the plaintiff's claim of being disabled as of April 1981, finding her to be able to stand and walk for brief periods of time and to be able to sit for prolonged periods.

4. Plaintiff subsequently requested the decision of the Administrative Law Judge to be reviewed by the Appeals Council.

5. On February 28, 1983, subsequent to the hearing decision but prior to any action of the Appeals Council, Dr. James L. Barber, the plaintiff's physician, who had previously expressed an opinion that the plaintiff could do light work, sent a letter to the Appeals Council with the information that the plaintiff had been found to suffer from a seizure disorder which prevented her from doing any work other than that which was sedentary in nature and which disabled her from working around machinery. Despite having this medical opinion, on March 8, 1983, the Appeals Council affirmed the finding of the Administrative Law Judge and adopted the hearing decision of the Administrative Law Judge as the Secretary's final decision.

6. The plaintiff duly perfected an appeal from the decision of the Appeals Council, and after a considerable delay during which time this Court required the Secretary to locate and transcribe the administrative record, the case has now been presented fully to the Court.

7. The Court finds that the Administrative Law Judge misperceived the plaintiff's disability and that the Appeals Council should have corrected the misperception of the Administrative Law Judge's decision when it received Dr. Barber's second report. In light of the history and the documented physical ailments and impairments of the plaintiff, she could not be expected to have performed any work at any time past the occasion of her application for disability benefits, and the record is clear that she had not worked for a considerable time back to and even beyond April 1981.

8. Therefore, the Court finds that as a matter of law the record discloses that the Secretary based its decision against

the plaintiff without having substantial evidence to support that decision, and the Court further finds that all of the evidence supports the only other conclusion that plaintiff has been disabled since April 1981.

It is of interest to note that the order for payment of benefits commencing April 1981 intended them to run until such time as the Secretary finally recognized her disability pursuant to a subsequent application filed by plaintiff in August 1983. We understand that the latter decision is geared to the same medical data available from the outset.

It is also clear that from the first instance, a sense of obstinacy has pervaded the Council, the thrust of which directed its decision *not* to consider the supplanted report of Dr. Barber, which, of course, in the Court's view, it was duty-bound to entertain.

In days past, even when faced with the most unreasonable findings of either the ALJ or the Appeals Council, this Court has declined to assess attorney fees. In this, ever sensitive to the rather quasi-judicial process engaged in these proceedings, it has been the Court's attempt to shape policy with decisions of remand rather than hold the Secretary responsible for fees and expenses incurred as the claimants pursued their remedies here. Such a notion has been as frustrating as it has been naive.

In more recent times, the Court's patience exhausted, a stream of reversals rather than remand with instructions have transpired. In most instances, it was simply the Court's view that these claimants are not deserving of the expenditure of further time and delay in what has developed to be a most fruitless exercise.

Now, in this Court's view, the time has surely come to apprise the Secretary that she, through her agents, has responsibilities. In this regard, the ALJ is expected to be fair and impartial, and the Appeals Council is not intended to function as a "rubber stamp" of whatever decision the ALJ has entered. Most assuredly, it would be a rarity to note the ALJ's affirmance of

*any* disability claim or the Appeals Council's disagreement. It is imperative here that the Secretary must be sensitive to all that transpires in these proceedings, and have the fortitude to act when the Secretary knows, or should know, that these bodies are simply wrong.

This Court is not alone. Solace is taken in a recent decision of Chief Judge O'Connor in *Cole v. Heckler*, 616 F.Supp. 871, wherein he has noted in part as follows:

> ... Here, we found the ALJ's findings concerning plaintiff's complaints and sedentary work to be incredible and unsupported. Also, there was the ALJ's failure to apply Appendix 1. The Appeals Council's "rubber stamp" of these findings requires us to conclude that there was no reasonable basis or evidence to support the Secretary's position that plaintiff was not disabled.

Judge O'Connor assessed attorney fees.

It is clear that as Judge O'Connor came to grips with the problems in dealing with the Secretary on the issue of attorney fees, he, in turn, found support from our colleague Judge Frank Theis, whose comment in *Espinosa v. Secretary of Health & Human Services*, 565 F.Supp. 810, 815 (D.Kan.1983), probably says it all:

> The only possible explanation for [the Secretary's action] is the SSA's dogged fixation on reduction of expenses through unfounded denial of benefits to the helpless. Such actions by the SSA are becoming all too frequent.

Additionally, the Court has at hand the well-reasoned decision of Judge Theis in *Lane v. Heckler*, 602 F.Supp. 333 (D.Kan. 1985).

Most recently, this Court belatedly addressed the issue and fully reviewed the situation wherein fees should be awarded in Social Security cases. In the matter of *Hawkins v. Heckler*, 600 F.Supp. 832 (D.Kan.1985), the Appeals Council had refused to grant the plaintiff's request for a review of the ALJ's decision. This Court ruled in its Memorandum and Order dated

January 22, 1985, that the Appeals Council's refusal to review in the face of substantial new evidence was error. At that time the Court had no doubt that the plaintiff was disabled and that there was no substantial evidence to the contrary. As of then, out of deference to the agency, the Court wanted to give the Secretary the opportunity to make a proper determination of her own rather than simply reverse the agency's ruling at that time. The Appeals Council ignored this Court's order of remand, and simply reaffirmed the termination of plaintiff's period of disability, failing to obtain reconsideration by the ALJ. To this sense of obstinacy, this Court stated as follows:

> It was hoped that with the instructions contained in the remand of this case that the Secretary would reconsider this case in the proper and legal perspective. Instead, the Secretary has turned a deaf ear to a case of obvious disability. This attitude is shocking enough. But the Secretary has shown this Court no more respect nor concern for following the law than it has shown Plaintiff. This Court ordered the Secretary to include reconsideration by the ALJ as part of its proceedings pursuant to the remand of this case. The Secretary instead defied this order by conducting the reconsideration only through the Appeals Council. This defiance of the Court's order did not enter into the deliberations of the merits of this case, but this Court cannot refrain from observing that such defiance indicates an arrogant administrative attitude that is either bent upon denying benefits no matter how meritorious the claim or a callousness and indifference that amounts to the same thing.

On May 14, 1985, this Court approved attorney fees.

In light of the foregoing, this Court has joined his colleagues, convinced that in those instances where the absence of substantial justification is apparent and anyone who reviews the files knows or should know this, attorney fees are probably allowable.

In *Hawkins, supra,* the Court fully reviewed those elements necessary for consideration of assessment of attorney fees and reiteration is unnecessary here. In the case at bar, the plaintiff's counsel has extended his statement for services in the aggregate of 40 hours and 45 minutes, at $100.00 per hour. His statement is in the amount of $4,075.00. In this, the Court now finds that plaintiff's claim is timely and plaintiff counsel's statement for services is fair and reasonable. The Court further notes that the plaintiff's claim for attorney fees in the amount of $100.00 per hour is allowable here, the Court being fully aware of the diligence, persistence, and quality of work expended by said attorney. The Secretary is ordered to pay the amount of $4,075.00 within 60 days of the filing of this order.