**Rosie L. JONES, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 84–1806–T.**

United States District Court,
D. Kansas.

Jan. 30, 1986.

David H.M. Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This case is presently before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The revised EAJA provides that "a court shall award to a prevailing party [attorney fees] ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

unjust." *Id.* at § 2412(d)(1)(A). The Court is convinced that the government's position in this litigation was not substantially justified.

 First, as this Court found in its Opinion of September 27, 1985, "the disability examiner prepared the documents denying benefits and then obtained a 'review' by the 'review physician.' " Dk. no. 14, p. 4. In short, the ALJ did not even obtain the opinion of a medical advisor before deciding that the plaintiff was not disabled. This procedure flies in the face of both logic and the appropriate regulations. 20 C.F.R. §§ 404.1615(c), 1526(b).

In addition, the ALJ substituted his medical opinion for that of the treating physician *and* ignored all the evidence contrary to his previously reached finding of no disability. Under these circumstances, the Court finds no substantial justification for the government's position. *See Laine v. Heckler,* 602 F.Supp. 333 (D.Kan.1985).

 Plaintiff has requested attorney fees for 24.65 hours at the rate of $100 per hour. The government argues that the fee award should not exceed $75 per hour. The EAJA provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Rosie Jones points to the contingency nature of the fee in this case, the delay in payment of fees, the successful result, and the quality of representation in support of the higher fee amount.

The government argues that most Social Security cases are taken on a contingency fee basis and that the award of a higher fee because of the contingency fee basis of the case would make higher fees the rule rather than the exception. However, the EAJA was enacted to encompass all cases in which the United States is a party, not just Social Security cases. This Court holds that the contingency fee basis of the case is a proper factor for a court to consider in evaluating whether to award a higher fee under section 2412(d)(2)(A). In this

case, the contingency fee nature of the case in tandem with the delay in the payment of fees, the successful result obtained by the plaintiff and the quality of representation afforded by plaintiff's attorney warrants a fee of $100 per hour. *See Troyer v. Heckler,* 613 F.Supp. 1219 (D.Kan.1985).

IT IS THEREFORE ORDERED that plaintiff's motion for attorney fees in the amount of $100 per hour for 24.65 hours is hereby granted. The Secretary is ordered to pay the amount of $2465 to plaintiff within 60 days of the date of this Order.