**Louis A. CLAASSEN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services of the United States, Defendant.**

**No. 84–1049–K.**

United States District Court, D. Kansas.

March 18, 1986.

See also, D.C., 600 F.Supp. 1507.

David Gray, Wichita, Kan., for plaintiff.

Steve Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This case is presently before the Court on plaintiff's timely and complete motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The revised EAJA provides that "a court shall award to a prevailing party [attorney fees] ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* at § 2412(d)(1)(A). The Court is convinced that the government's position in this litigation was not substantially justified.

This action is an appeal pursuant to 42 U.S.C. § 405(g) from a termination of Social Security disability benefits. Plaintiff had been adjudicated disabled in May of 1976. On the assumption that his disability ceased in October 1982, his benefits were terminated in December of 1982. An Administrative Law Judge sustained this determination on July 30, 1983. The Appeals Council denied review on November 30, 1983. This Court issued a memorandum and order sustaining plaintiff's motion for summary judgment and reversing the government's position on January 22, 1985. The government appealed, taking issue with this Court's jurisdiction to reverse in the face of § 2(d)(2) of the Social Security Disability Benefits Reform Act of 1984. In an order and judgment filed November 18, 1985, the Tenth Circuit Court of Appeals affirmed this Court's ruling. Thereupon, the government filed a motion for extension of time in which to file a petition for rehearing or rehearing en banc. This motion was denied in an order dated December 26, 1985.

The principles governing this matter have been thoroughly discussed in this district in *Laine v. Heckler,* 602 F.Supp. 333 (D.Kan.1985), and *Hawkins v. Heckler,* 608 F.Supp. 1201 (D.Kan.1985). There are two significant changes since reenactment of

EAJA. First, Congress, following the numerous decisions of the federal courts, specifically made EAJA applicable to Social Security appeals. Section 206 of Pub.L. 96–481, as amended Pub.L. 99–80, § 3, Aug. 5, 1985, 99 Stat. 186, provided that:

> (b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) [42 U.S.C.S. § 406(b) of Title 42, The Public Health and Welfare] shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code [subsec. (d) of this section]. Section 206(b)(2) of the Social Security Act [section 406(b)(2) of Title 42] shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act [section 406(b) of Title 42] and section 2412(d) of title 28, United States Code [subsec. (d) of this section], the claimant's attorney refunds to the claimant the amount of the smaller fee.

The second change is that Congress has defined the government's "position" to mean:

> (D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings;

28 U.S.C. § 2412(d)(2)(D). This change makes it unnecessary, as the Tenth Circuit previously did, to distinguish between the government's position at the agency level and its position in the litigation. In actual effect, this distinction made little difference since defense of the agency position constitutes the litigation position. *Hawkins v. Heckler*, 608 F.Supp. at 1205.

■ The record establishes that the government's position in this case was not substantially justified. This can be seen by a review of this Court's memorandum and order of January 22, 1985, which states at page 10:

In view of the foregoing evidence, the ALJ's ruling must be characterized as a hastily formed, ill conceived, and prejudicially drawn decision. The only way this decision could be supported would be to start from the premise that the agency is bent upon defeating the Plaintiff's disability claim rather than making an impartial inquiry. Far from the liberal construction of the statute and regulations that is required, the ALJ either wholly ignored the reports of the physicians or was so inept that he failed to appreciate what the physicians reported. It is an understatement to say that there is no substantial basis for the Secretary's decision.

This Court's memorandum and order makes clear, through the authority it cites in identifying the numerous improper criteria followed by the Secretary to terminate plaintiff's benefits, that the Secretary ignored the long established rules of law upon which this Court and the Tenth Circuit previously have instructed the Secretary. The Secretary ignored the following principles of law: that the ability to work requires the ability to perform substantial service with reasonable regularity; that the Secretary may not selectively abstract evidence favorable to her position or rely upon isolated activities to deny disability; that the opinions of treating physicians are entitled to greater weight than those of consulting physicians; and that expert opinions of treating physicians are binding on the Secretary unless controverted by substantial evidence to the contrary.

After the Court rendered judgment in plaintiff's favor, the Secretary appealed, arguing not that this Court was wrong about plaintiff's severe disability but arguing only that the Court lacked jurisdiction to rule. The Secretary's arguments were not dignified with any analysis by the Tenth Circuit when it affirmed this Court by reference to another case.

■ The Secretary argues that because this Court did not have jurisdiction of the appeal to the Tenth Circuit, this Court now lacks jurisdiction to award EAJA fees for

time spent by plaintiff's attorney on the appeal. The Tenth Circuit's mandate affirming this Court's ruling, however, has been received by the district court. Accordingly, the language of § 2412(d)(1)(A) cited at page 5 of defendant's response is not inconsistent with jurisdiction by this Court. In fact, the statutory language, "... in *any* court having jurisdiction of that action," (emphasis added) specifically includes this Court since it now has jurisdiction. Furthermore, subsection (d)(1)(B) appears to contemplate one application rather than the two applications defendant claims to be necessary. The Secretary's argument in this regard is merely one more of a seemingly endless supply of needless hoops through which defendant would have plaintiff jump before obtaining what Congress intended to give him. This Court finds that it does have jurisdiction to rule on EAJA fees as they relate to services on the appeal.

Though not raised in her brief, the Secretary asserted at oral argument that attorney's fees should not be awarded for the appeal because the appeal itself did not lack substantial justification, as the Secretary was reasonably testing this Court's jurisdiction. This Court does not share the Secretary's analysis of her appeal in which this Court was abruptly affirmed.

The award of attorney's fees for the appeal is not based, however, upon this Court's finding that the appeal lacked substantial justification. An analysis of the agency's position in denying disability benefits is all that is necessary to establish that the agency lacked substantial justification. The efforts plaintiff's counsel was required to make in the face of the unjustified denial of benefits become the measure only of the amount of attorney's fees that should be awarded. Thus, while an appeal or other action taken by the government after federal litigation has begun can certainly lack substantial justification making an EAJA award appropriate, such unjustified action in federal court is not necessary where the agency's underlying action itself lacks substantial justification. It is suffi-

cient that the plaintiff prevailed in the face of the agency's unjustified position on the merits of plaintiff's claim. Fees are appropriately awarded for representation on appeal because such representation was necessary for the plaintiff to prevail.

The Secretary has long since exhausted this Court's patience, and this Court is no longer inclined to indulge the Secretary's behavior as it once did. The Secretary apparently has not yet received the message this Court sent in *Troyer v. Heckler,* 613 F.Supp. 1219, 1221 (D.Kan.1985), where it was observed:

In days past, even when faced with the most unreasonable findings of either the ALJ or the Appeals Council, this Court has declined to assess attorney fees. In this, ever sensitive to the rather quasi-judicial process engaged in these proceedings, it has been the Court's attempt to shape policy with decisions of remand rather than hold the Secretary responsible for fees and expenses incurred as the claimants pursued their remedies here. Such a notion has been as frustrating as it has been naive.

In more recent times, the Court's patience exhausted, a stream of reversals rather than remand with instructions have transpired. In most instances, it was simply the Court's view that these claimants are not deserving of the expenditure of further time and delay in what has developed to be a most fruitless exercise.

Now, in this Court's view, the time has surely come to apprise the Secretary that she, through her agents, has responsibilities. In this regard, the ALJ is expected to be fair and impartial, and the Appeals Council is not intended to function as a "rubber stamp" of whatever decision the ALJ has entered. Most assuredly, it would be a rarity to note the ALJ's affirmance of *any* disability claim or the Appeals Council's disagreement. It is imperative here that the Secretary must be sensitive to all that transpires in these proceedings, and have the fortitude to act when the Secretary knows, or should

know, that these bodies are simply wrong.

This Court is not alone. Solace is taken in a recent decision of Chief Judge O'Connor in *Cole v. Heckler*, 616 F.Supp. 871, wherein he has noted in part as follows:

> ... Here, we found the ALJ's findings concerning plaintiff's complaints and sedentary work to be incredible and unsupported. Also, there was the ALJ's failure to apply Appendix 1. The Appeals Council's "rubber stamp" of these findings requires us to conclude that there was no reasonable basis or evidence to support the Secretary's position that plaintiff was not disabled.

Judge O'Connor assessed attorney fees.

It is clear that as Judge O'Connor came to grips with the problems in dealing with the Secretary on the issue of attorney fees, he, in turn, found support from our colleague Judge Frank Theis, whose comment in *Espinosa v. Secretary of Health & Human Services*, 565 F.Supp. 810, 815 (D.Kan.1983), probably says it all:

> The only possible explanation for [the Secretary's action] is the SSA's dogged fixation on reduction of expenses through unfounded denial of benefits to the helpless. Such actions by the SSA are becoming all too frequent.

■ Plaintiff has requested that this Court grant EAJA fees in the amount of $100.00 per hour to defray the fee that will be requested pursuant to 42 U.S.C. § 406 after the Secretary issues the Certificate of Award. The Secretary argues that there are no special circumstances to justify fees greater than $75.00 per hour. The statute provides that EAJA fees are limited to $75.00 per hour unless the Court determines that a special factor justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). To support awarding a fee at this rate, plaintiff has cited in his application the contingency nature of the fee in this case, the delay in payment of fees, the successful result, the fact that plaintiff's attorney undertook plaintiff's representation after he had exhausted all of his administrative remedies, and the quality of plaintiff's representation.

The contingency nature of the fee is clear. Courts have long recognized that undertaking representation on a contingency basis justifies a higher rate when calculated by the hour than might be justified when payment of fees is by the hour.

The long delay in payment of fees is clear from the record. Representation of plaintiff was undertaken January 26, 1984. The complaint was filed January 31, 1984. Largely because of the Secretary's appeal to the Tenth Circuit, it is now more than two years later. By granting an EAJA fee of $100.00 per hour, plaintiff will have to devote less of his past due lump sum benefits, which he should never have been denied, to payment of his attorney. All of the factors justifying a higher fee are present in this case.

The Secretary's specific arguments against a $100.00 per hour fee were previously addressed to and answered by the court in *Jones v. Bower*, unpub. Case No. 84–1806–T (D.Kan.1986), in which Judge Theis states:

> ... Rosie Jones points to the contingency nature of the fee in this case, the delay in payment of fees, the successful result, and the quality of representation in support of the higher fee amount.

The government argues that most Social Security cases are taken on a contingency fee basis and that the award of a higher fee because of the contingency fee basis of the case would make higher fees the rule rather than the exception. However, the EAJA was enacted to encompass all cases in which the United States is a party, not just Social Security cases. This Court holds that the contingency fee basis of the case is a proper factor for a court to consider in evaluating whether to award a higher fee under section 2412 (d)(2)(B). In this case, the contingency fee nature of the case in tandem with the delay in the payment of fees, the successful result obtained by

the plaintiff and the quality of representation afforded by plaintiff's attorney warrants a fee of $100 per hour. *See Troyer v. Heckler*, 613 F.Supp. 1219 (D.Kan.1985).

*See also Hawkins v. Heckler*, 608 F.Supp. 1201, and *Laine v. Heckler*, 602 F.Supp. 333, in which the Court also awarded $100.00 per hour.

This Court finds that the prerequisite for awarding a fee in excess of $75.00 per hour has been satisfied, and plaintiff's attorney is entitled to a fee of $100.00 per hour. Plaintiff's attorney has submitted an affidavit of his time totaling 42.35 hours, which the Court has examined and found to be reasonable. Plaintiff's attorney has also expended 1.25 hours in preparing a response to the government's brief and in preparing and presenting oral argument.

IT IS THEREFORE ORDERED this 18 day of March, 1986, that plaintiff's attorney be awarded a fee of $4,360.00, which the Secretary is directed to pay within 60 days of the filing of this order.