DURANGO ASSOCIATES, INC., and
DND Corporation,
Plaintiffs–Appellants,

v.

REFLANGE, INC., and Climax
Manufacturing Company,
Defendants–Appellees.

No. 90–1348.

United States Court of Appeals,
Federal Circuit.

Decided July 10, 1990.

Unpublished Order Issued July 10, 1990.

Published Order Issued Aug. 28, 1990.

Guy E. Matthews, Matthews & Associates, Houston, Tex., for plaintiffs-appellants.

Michael O. Sutton and Albert B. Deaver, Jr., Arnold, White & Durkee, Houston, Tex., for defendants-appellees.

Before MARKEY, Circuit Judge, BENNETT and SMITH, Senior Circuit Judges.

## ORDER

MARKEY, Circuit Judge.

Reflange, Inc. and Climax Manufacturing Company (Climax) move to dismiss the appeal of Durango Associates, Inc. and DND Corporation (Durango). Durango opposes the motion or, in the alternative, moves for leave to amend its notice of appeal in 90–1100. Climax opposes the motion for leave.

This case has a long and complex history, both substantive and procedural. However, for purposes of this motion, only the following is relevant. On October 18, 1989, the United States District Court for the Southern District of Texas entered a judgment:

Defendants' Motion for Summary Judgment, and motions pursuant to F.R.C.P. 60(b) are GRANTED.

Plaintiffs' Motion for Summary Judgment is DENIED. All remaining motions and cross-motions are MOOT.

The Plaintiff is to take nothing by this suit.

This is a FINAL JUDGMENT.

The district court's summary judgment related to Durango's '944 patent: the 60(b) ruling related to Durango's '246 patent.

Thereafter, Durango filed a timely Fed. R.Civ.P. 59(e) motion relating only to the '246 patent. Both Durango and Climax filed notices of appeal during the time the R. 59(e) motion was pending and both were dismissed by this court as premature pursuant Fed.R.App.P. 4(a)(4).

On January 19, 1990, the district court denied Durango's R. 59(e) motion. Durango timely noticed an appeal relating only to the '944 patent. The notice stated in pertinent part:

[Durango appeals] the finding of non-infringement with respect to U.S. Patent No. 3,772,944, the granting of Defendants' Motion for Summary Judgment, and denial of Plaintiffs' Cross motion for Summary Judgment for Infringement and Damages entered by this court on October 18, 1989 and affirmed by denying Durango's motion for new trial on January 19, 1990.

Climax cross-appealed. Durango's appeal and Climax's cross-appeal are appeal nos. 90–1100, –1230 and are currently pending.

Meanwhile, following the district court's denial of its R. 59(e) motion, Durango filed a second "59(e)" motion seeking reconsideration of the first ruling and/or amendment of the judgment. The second motion like the first related solely to the '246 patent. On April 10, 1990, the district court denied the second motion without opinion. Twenty-two days later, on May 2, Durango filed a notice of appeal seeking review of matters related to the '246 patent. The notice stated in pertinent part:

[Durango appeals] the findings of the District Court with respect to U.S. Patent No. 3,762,246 and more specifically with respect to the District Court's decision regarding the Defendants' Motion for Relief from Judgment pursuant to Fed. R. Civ. P. Rule 60(b), the setting aside of the Court's previous award of damages and the take nothing judgment entered by the Court.

Here, Climax moves to dismiss Durango's last appeal relating to the '246 patent as untimely. In response, Durango argues that (1) the notice was timely, (2) if it was not, then the notice of appeal in 90–1100 encompasses the matters relating to the '246 patent, and (3) if Durango does not

prevail on its first or second argument, then the court should grant it leave to file an amended notice of appeal.

### A. *Timeliness of Durango's May 2 Notice of Appeal.*

■ Durango's May 2 notice of appeal was untimely. Fed.R.App.P. 4(a)(4) provides that if a timely R. 59(e) motion is filed, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion." As Climax points out, the cases are uniform in holding that a second post-judgment motion of the type referred to in R. 4(a)(4), not filed within 10 days of the judgment, will not further stay the period for appeal. Moreover, Durango does not cite a single case to the contrary. *See* 9 Moore's Federal Practice ¶ 204.12[1] 1990 ("a motion to reconsider an order disposing of such a motion will not further postpone the time to appeal").

### B. *Scope of Durango's Notice of Appeal Filed in 90–1100.*

■ It is undisputed that Durango's notice of appeal in 90–1100 was timely. It is also undisputed that the notice referred only to those matters related to the '944 patent. Here, Durango argues that the notice should be construed to encompass the matters related to the '246 patent.

Fed.R.App.P. 3(c) provides that a notice "shall designate the judgment, order or part thereof appealed from." Durango argues that R. 3(c) has been interpreted liberally to permit an appeal which may be "technically defective." However, this argument does not help Durango because its notice of appeal was not "technically defective." Durango did not misdescribe or "forget" to mention the '246 issues. Durango clearly and specifically intended to

confine its notice in 90–1100 only to the '944 issues. Durango cannot now expand the scope of its specifically limited notice of appeal.* Accordingly, we determine that Durango's appeal in 90–1100 does not encompass the matters relating to the '246 patent.

### C. *Durango's Motion for Leave to Amend its Notice of Appeal in 90–1100.*

■ Durango "requests an opportunity to amend the Notice of Appeal [in 90–1100] with relation back to the date of filing. The amendment would reference specifically the '246 patent and all issues relating thereto." However, "amendment" is permitted only to cure a misdescription or a technical deficiency. As discussed in section B, Durango's notice was not technically defective. There is no doctrine that permits an appellant to "amend" a notice so that the time for appealing is extended beyond the prescribed statutory period.

*Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988), concerned the sufficiency of a notice of appeal that did not specifically name each party appealing. The Supreme Court stated:

> We believe that the mandatory nature of the time limits contained in Rule 4 would be vitiated if courts of appeals were permitted to exercise jurisdiction over parties not named in the notice of appeal. Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the rules do not grant courts the latter power, we hold that the rules likewise withhold the former.

---

* *See, e.g., Brandt v. Schal Assocs.,* 854 F.2d 948 (7th Cir.1988) (appellate court lacks jurisdiction to consider an issue where notice of appeal did not mention any intention to appeal from the relevant order); *Averitt v. Southland Motor Inns of Oklahoma,* 720 F.2d 1178 (10th Cir.1983) (under Fed.R.App.P. 3(c), an appellate court has before it only that part of the judgment designated in the notice of appeal and, even under a liberal construction, cannot review an issue that

is plainly absent from the notice); *C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049 (5th Cir.), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981) (where the appellant specifies a judgment or a part thereof, appellate court has no jurisdiction to review other judgments or issues which are not *expressly* referred to and which are not impliedly intended for appeal).

Thus, only if Durango's deficiency were a "mere technicality" could we permit Durango to "amend" its notice of appeal in 90–1100. Permitting Durango to amend its notice under the circumstances here would have the effect of extending the time for appealing. That we cannot do.

Accordingly,

IT IS ORDERED THAT:

(1) Climax's motion to dismiss Durango's appeal no. 90–1348 is granted.

(2) Durango's motion for leave to amend its notice of appeal in 90–1100 is denied.