David S. NORRIS, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 96–989.

United States Court of Appeals
for Veterans Claims.

March 30, 1999.

Before NEBEKER, Chief Judge, and
FARLEY and IVERS, Judges.

## ORDER

PER CURIAM:

This Court's decision of May 21, 1998, affirmed the Board of Veterans' Appeals (Board or BVA) decision respecting the claim of clear and unmistakable error in a January 1972 regional office decision. In that same decision the Court vacated that portion of the Board's decision which held that new and material evidence had not been submitted to reopen the appellant's eye condition claim. The appellant timely filed a Notice of Appeal (NOA) to the United States Court of Appeals for the Federal Circuit. In his NOA, he specifically states that the appeal is from the Court's decision of May 21, 1998, "holding that the BVA had not committed legal or factual error which would warrant reversal or remand." Thus, his notice of appeal is sufficiently specific to exclude from appeal that portion of the Court's decision which remanded the eye condition claim to the Board. The appellant has filed what he captioned as an "Opposed Motion for Issuance of a Mandate." The Secretary, however, has not filed an opposition within the required time period. Nonetheless, this Court must determine whether it has jurisdiction, in light of the NOA to the Federal Circuit, to issue its mandate respecting its unappealed portion of its judgment.

For purposes of determining whether jurisdiction over the entire case is now vested in the Federal Circuit, we look to our statute governing appeals from a decision of this Court. Review of a decision by this Court "shall be obtained by filing [an NOA] with [this Court] within the time and in the manner prescribed for appeal to United States courts of appeals from United States District Courts." 38 U.S.C. § 7292(a). Rule 3, of the Federal Rules of Appellate Procedure, governs the manner of filing an NOA. In pertinent part, Rule 3(c) prescribes that the NOA "must designate the judgment, order, *or part thereof appealed from.*" (Emphasis added.) This prescription has been interpreted as divesting appellate courts of jurisdiction over matters that were neither actually nor implicitly raised in the NOA and which were not inextricably intertwined with the appeal.

*See C.A. May Marine Supply Co. v. Brunswick Corp.,* 649 F.2d 1049, 1056 (5th Cir. 1981) (citations omitted), *cert. denied,* 454 U.S. 1125, 102 S.Ct. 974, 71 L.Ed.2d 112 (1981); *Durango Associates, Inc. v. Reflange, Inc.,* 912 F.2d 1423, 1425 (Fed.Cir.1990).

Here, it is apparent that the appellant intends no appeal from the portion of our judgment which remanded a discrete claim to the Board. Nor are the two claims sufficiently related that decision as to the appealed matter would affect the unappealed matter. *See Phillips v. Brown,* 10 Vet.App. 25, 33 (1997). Accordingly, we read the NOA as having no effect on the remanded claim.

The appellant informs the Court that remand proceedings before the Board will not be undertaken until a mandate issues from this Court. We perceive of no reason why those remand proceedings should not be conducted simultaneously with the prosecution of the unrelated appeal in the Federal Circuit.

Accordingly, appellant's motion for issuance of this Court's mandate as to the matter remanded is GRANTED. The Clerk is directed to issue the mandate forthwith.