# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 96-739

DIXON H. ISAAC,                                                APPELLANT,

    V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.

Before NEBEKER, *Chief Judge*, and KRAMER and STEINBERG , *Judges*.

## O R D E R

This matter is before the Court on an application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

In the merits litigation, the appellant, veteran Dixon H. Isaac, appealed through counsel an April 10, 1996, Board of Veterans' Appeals (BVA or Board) decision denying his claim of clear and unmistakable error (CUE) in a final January 1980 Department of Veterans Affairs (VA) regional office decision and determining that new and material evidence had not been presented to reopen a disallowed claim of VA service connection for a manic-depressive (bipolar) disorder. On February 4, 1999, the Court in a memorandum decision affirmed that BVA decision in part and vacated it in part and remanded the reopening matter for readjudication. *Isaac v. West*, No. 96-739, 1999 WL 52346, at *5-*6 (Vet. App. Feb. 4, 1999). On April 20, 1999, the appellant filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit) as to the CUE claim, *see Isaac v. West*, No. 96-739, 1999 WL 446864, at *1 (Vet. App. June 9, 1999), and that appeal is still pending before the Federal Circuit. *See Isaac v. West*, Fed. Cir. No. 99-7113 (appeal filed Apr. 20, 1999).

On May 3, 1999, the appellant filed a motion for issuance of a mandate on the remanded issue, and the Secretary did not file an opposition. On June 9, 1999, the Court granted the appellant's motion, and that same day the Clerk of the Court issued the mandate as to the remanded issue only. *See also Norris (Davis) v. West*, 12 Vet.App. 304, 305 (1999) (per curiam order). That mandate permitted the remand proceedings to move forward at the Board as to the reopening claim. On July 6, 1999, the appellant filed an EAJA application. The Secretary has filed a motion to hold that application in abeyance, and the appellant has filed a reply in opposition to that motion.

The Court notes that the Secretary relies principally on two cases in his motion: *Dole v. Phoenix Roofing, Inc.*, 922 F.2d 1202 (5th Cir. 1991), and *Claassen v. Heckler*, 630 F. Supp. 322 (D. Kan. 1986). Although these cases may suggest that ordinarily a civil action with multiple claims is not finally resolved until the court of original jurisdiction has decided the entire case and issued

a final judgment, neither case dealt with a situation where a court had remanded one matter, another matter was appealed, and the court had issued a mandate as to the remanded matter. Accordingly, the Court is in need of further briefing in connection with this point. Specifically, the Court wishes the following questions to be addressed, with a full discussion as to each question along with citations to relevant federal caselaw under the EAJA and other analogous federal attorney-fee laws:

(1)(a) Did the Court err in issuing its mandate on June 9, 1999, as to the remanded claim?

(b) If so, what is the remedy?

(2)(a) If the Court were to recall its mandate and withdraw its June 9, 1999, order, would the appellant's appeal to the Federal Circuit nonetheless have constituted an appeal only of the CUE claim?

(b) If so, did the filing of such a limited appeal, in the absence of a Court order to the contrary, prevent the running of the 60-day appeal period under Rule 41(a) of this Court's Rules of Practice and Procedure as to the remanded manic-depressive-disorder claim and thus delay as to that claim a final judgment that would have triggered the 30-day EAJA application period under 28 U.S.C. § 2412(d)(1)(B)?

(c) If an appeal only as to the CUE claim did not postpone a final judgment for EAJA purposes as to the remanded manic-depressive-disorder claim, was the July 6, 1999, EAJA application timely filed?

(d) If the appeal of the CUE claim did delay a final judgment for EAJA purposes as to the remanded claim, should the Court return the EAJA application as prematurely filed or hold it as received and file it at the time of final judgment as to both claims, *see Stillwell v. Brown*, 6 Vet.App. 291, 300 (1994); *Gonzalez v. United States*, 44 Fed. Cl. 764, 767-69 (1999)?

(3)(a) If the Court did not err in issuing that mandate and it remains in effect, does that mandate constitute a final judgment for EAJA purposes as to the remanded claim?

(b) If so, **must** the Court proceed to adjudicate the pending EAJA application, if timely filed, or does the Court have discretion to postpone consideration of the EAJA application until the Court again has jurisdiction over the case following the resolution of the appeal to the Federal Circuit?

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file, and serve on the appellant, a memorandum addressing the above questions. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file, and serve on the Secretary, a memorandum in response. It is further

ORDERED that, not later then 20 days after service of the appellant's memorandum in response, the Secretary may file a reply.

DATED: February 17, 2000                    PER CURIAM.