**THERM–O–DISC, INC.,**
**Plaintiff–Appellee,**

v.

**Josef MAATUK (doing business as Max Em Engineering) Defendant–Appellant.**

No. 03–1385.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 1, 2003.

Before RADER, GAJARSA, and LINN, Circuit Judges.

### ORDER

RADER, Circuit Judge.

Therm–O–Disc, Inc. (TOD) moves to dismiss Josef Maatuk's appeal, which the court treats as a motion for summary affirmance. Maatuk has not responded to the motion. Maatuk moves for an extension of time to file his brief. TOD opposes.

On October 9, 2002, the United States District Court for the Northern District of Ohio entered judgment for TOD. Maatuk timely filed a Fed. R.App. P. 4(a)(4) post-judgment motion for relief from the judgment pursuant to Fed.R.Civ.P. 60(b)(1). On November 26, 2002, the district court denied Maatuk's Rule 60(b) motion. Maatuk did not appeal within 30 days.

On January 13, 2003, Maatuk filed a second motion for reconsideration of the judgment, citing Fed.R.Civ.P. 60(b)(6). On April 9, 2003, the district court noted that "because defendant filed a timely Rule 60(b)(1) motion, he had 30 days from this Court's November 26, 2002 Order denying that motion within which to file an appeal. Defendant did not do so but filed a second Rule 60(b) motion instead." Concluding that Maatuk had not "shown 'something other' than that presented in the first Rule 60(b) motion," the district court denied the motion. On May 7, 2003, Maatuk filed a notice of appeal seeking to challenge the district court's October 2002 judgment, the November 2002 order denying Maatuk's first Rule 60(b) motion, and the April 2003 order denying Maatuk's second Rule 60(b) motion.

■ TOD asserts that Maatuk's notice of appeal is untimely to the extent it seeks review of the district court's October 2002 judgment and November 2002 order. We agree. Maatuk had 30 days from the district court's November 26, 2002 order disposing of his timely Rule 60(b) motion to file an appeal. Fed. R.App. P. 4(a)(4)(A). Maatuk's May 7, 2003 notice of appeal, to the extent it sought review of the underlying judgment and denial of the post-judgment motion, was over 130 days late. Thus, Maatuk is precluded from challenging the district court's October and November 2002 rulings. *See Durango Assoc., Inc. v. Reflange, Inc.,* 912 F.2d 1423, 1425 (Fed.Cir.1990) (stating that "the cases are uniform in holding that a second post-judgment motion of the type referred to in R. 4(a)(4), not filed within 10 days of judgment, will not further stay the period for appeal").

As to Maatuk's challenge to the district court's April 2003 order denying Maatuk's second Rule 60(b) motion, TOD asserts, in essence, that while timely appealed, the order should be summarily affirmed. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). TOD argues that the district court clearly was correct in its denial of the Maatuk's second 60(b) motion because it was repetitive of the previously denied Rule 60(b) motion. In comparing the two Rule 60(b) motions, the district court reasoned:

> Defendant asserts that while this [second] Motion relies on the same set of operable facts as relied upon in the previous Motion, the ground for relief sought is different. Specifically, defendant argues that the issue in the Rule 60(b)(1) motion was whether attorney conduct constituted mistake, inadvertence, or excusable neglect, and the issue presented in the current motion is whether there are any other reasons to grant the relief requested. Defendant states that "it is not in the interest of justice to penalize [defendant] with what are, in effect, terminating sanctions based solely on the gross negligence of his attorney ..." Therefore, defendant asserts that the Court's focus here is on the harm to defendant if the relief requested is not granted.
>
> The Court disagrees that defendant has presented a new ground for relief.... Here, defendant asserts that the focus should be on the harm to [Maatuk] rather than the conduct of the attorneys as argued in the first Rule 60 motion. However, in that first motion, defendant repeatedly stated that [Maatuk] had been unduly prejudiced in not being afforded an opportunity to oppose the motions and that it would be unjust and unfair to him to not be relieved of the judgment. As such, defendant did focus on the harm to [Maatuk] in the first motion as well as the attorney misconduct. Defendant has not presented something other than what was offered in the first motion.

(Citation omitted.)

This court reviews a denial of a Rule 60(b) motion for abuse of discretion. *See Brickwood Contractors, Inc. v. United States,* 288 F.3d 1371, 1376 (Fed.Cir.2002). It is quite clear that that the district court's order denying Maatuk's second Rule 60(b) motion as repetitive was not an abuse of discretion. Because no substantial question exists regarding the outcome of the instant appeal, the court summarily affirms the April 2003 order of the district court.

Accordingly,

IT IS ORDERED THAT:

(1) TOD's motion for summary affirmance is granted.

(2) Maatuk's motion for an extension of time is moot.

(3) Each side shall bear its own costs.